ment to be made by defendant in monthly instalments, and defendant refused, after making the first payment, to receive the first instalment of such instruction, *held* that plaintiff could not recover in an action for the full amount of such consideration without proving its ability and readiness to perform the contract on its part.

3. CONTRACTS, § 267*—*what are remedies of party upon receipt, before performance, of notice of intention not to perform.* Where one party to a contract gives notice before the time of performance arrives that he does not intend to perform, the other party may treat such notice as a breach and bring his action, or may decline to accept such notice as a breach and insist that the contract shall remain in force up to the time fixed for its final performance, holding the party refusing to perform responsible for the consequence of such refusal.

---

## Sarah A. Cheatham, Appellee, v. East St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Sarah A. Cheatham, plaintiff, against the East St. Louis Railway Company, defendant, to recover damages for personal injuries sustained while plaintiff was about to enter defendant's street car. From a judgment for plaintiff for $1,500, defendant appeals.

BARTHEL, FARMER & KLINGEL, for appellant.

D. J. SULLIVAN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence not disturbed.* The evidence being conflicting, a verdict will not be disturbed unless manifestly against the weight of the evidence.

2. CARRIERS, § 479*—*when evidence sufficient to sustain verdict for plaintiff in action for personal injuries.* In an action by a street car passenger to recover damages for personal injuries sustained while about to enter defendant's car, a verdict for plaintiff *held* not against the manifest weight of the evidence, the evidence being conflicting.

3. DAMAGES, § 110*—*when verdict for personal injuries is not excessive.* Where plaintiff by reason of the injury complained of was confined in a hospital for four weeks and was incapacitated thereafter from walking or doing any work except such as might be done sitting in a chair, or to conduct a lunch counter which she had conducted before the injury, a verdict of $1,500 *held* not excessive.

4. DAMAGES, § 191*—*province of jury to determine amount.* It is for the jury to say, in an action for damages for personal injuries, under the evidence the amount the injured person is entitled to recover.

5. DAMAGES, § 241*—*when verdict of jury not disturbed.* Unless the evidence shows that the jury in finding the amount of damages for injuries sustained were governed by prejudice or passion in fixing such amount, their finding should not be disturbed for the reason alone that it is excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.